UNTITED STATES DISTRICT COURT                    (JURY TRIAL OF ALL
SOUTHERN DISTRICT OF NEW YORK JUDGE FORREST ISSUES DEMANDED)
-----------------------------------------------------------------X
PAUL BROWN

                            Plaintiff                12-CV 2805

        -against-                              CV#: _____

NEW YORK CITY POLICE OFFICER THOMAS
Shield #: 1009 and P.O. JOHN DOE individually
And in their official capacity as Police Officers and
CITY OF NEW YORK
                            Defendants
-----------------------------------------------------------------X

   The plaintiff PAUL BROWN, by his attorney, GARNETT H. SULLIVAN, ESQ., complaining of the defendants alleges as follows:

## PRELIMINARY STATEMENT

FIRST:   This is a civil rights action in which the plaintiff PAUL BROWN seeks relief for the defendant's violation of plaintiff's rights secured by the Fourth and Fourteenth Amendments to the constitution of the United States, and of rights secured under common law and the constitution of the State of New York.

SECOND:  Plaintiff seeks damages both compensatory and punitive, award of costs, interest, attorney's fees, and such other relief as the Court deems to be equitable and just.

## JURISDICTION

THIRD: This action is brought pursuant to 42 U.S.C. sec. 1983 and sec. 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. sec. 1983 and 28 U.S.C. sec. 1331 and 1343(3) and (4), this being an action seeking redress for violation of plaintiff's constitutional and Civil rights.

FOURTH: Plaintiff further invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. sec. 1367 (a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

FIFTH: The plaintiff PAUL BROWN is a citizen of the United States and was at all times herein a resident of the State of New York; the plaintiff is of full age to commence this action.

SIXTH: That upon information and belief, the defendant P.O. THOMAS and JOHN DOE at all times hereinafter mentioned were and still are residents of the State of New York who are and were employed as police officers by the defendant CITY OF NEW YORK; they are being sued individually and in their official capacity.

SEVENTH:    The defendant CITY OF NEW YORK at all times hereinafter mentioned was and still is a municipal organization organized by virtue of the laws of the State of New York.

## NOTICE OF CLAIM

EIGHT:    A notice of claim was duly served on the Comptroller of the City of New York within ninety (90) days of the occurrence complained of.

NINTH:    Receipt of the claim has been duly acknowledged by the office of the Comptroller of the City of New York.

TENTH:    That the defendant CITY OF NEW YORK conducted an oral examination of plaintiff pursuant to General Municipal Law sec. 50-H on January 19, 2012

ELEVENTH:    At least thirty days have elapsed since plaintiff's claim has been made to the defendant CITY OF NEW YORK. The City has neglected, failed or refused to make adjustment or payment of said claim.

## FACTUAL ALLEGATIONS

TWELFTH:    That on or about July 27, 2011 plaintiff was a resident at the Bellevue Men's shelter located at 400 East 30th Street in the City and State of New York.

THIRTEENTH: That on or about July 27, 2011 at about 4:00 A.M. the plaintiff was awakened and placed under arrest as the subject of an alleged bench warrant, indictment no. QN11280/95 (Queens County Supreme Court).

FOURTEENTH: That the plaintiff protested and asserted that he was not and could not be the subject of any such bench warrant and requested that the defendant officers conduct the most minimal investigation which would reveal that he was not the subject of the alleged bench warrant.

FIFTEENTH: That the defendant police officers failed, neglected and or refused to conduct even the most basic investigation or inquiry to determine if plaintiff was the subject of the warrant. Defendants disregarded all evidence tending to show that plaintiff was not the subject of the warrant and summarily arrested plaintiff.

SISXTEENTH: That plaintiff was handcuffed and held in the public areas of the aforesaid shelter in full view of the public and occupants of the shelter for several hours.

SEVENTEENTH: The plaintiff was taken to the Queens County Supreme Court Part TAP A where the defendants represented to the Court that the plaintiff was the person sought by an outstanding bench warrant despite the fact that the only characteristic plaintiff had in common with the warrant subject was a common similar name.

EIGHTEENTH: That as a direct result of the aforementioned wrongful conduct of the defendants the plaintiff was caused to be remanded to the custody of the New York City Department of Corrections until he was released from custody by the Court at or about 3:30 P.M. on July 28, 2011.

## FIRST CAUSE OF ACTION

NINETEENTH:   The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

TWENTIETH:   The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:
   a. Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;
   b. Plaintiff was deprived of his Fourteenth amendment right to liberty without due process of law;
   c. Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law.

## SECOND CAUSE OF ACTION

TWENTY-FIRST:   The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

TWENTY-SECOND:   Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1sec. 1, 6, 8,9,11 and 12 of the

New York State constitution, including without limitation the following deprivations of his rights, privileges and immunities:

a. Plaintiff was deprived of his right to be free from unreasonable seizure of his person, in violation of sec. 12 of the constitution of New York;

b. Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York

c. Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution of the State of New York.

## THIRD CAUSE OF ACTION

TWENTY-THIRD: The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

TWENTY-FOURTH: That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause of other legal justification or privilege.

TWENTY-FIVE: That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

TWENTY-SIXTH: That plaintiff was wholly innocent of the aforesaid criminal charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

TWENTY-SEVENTH: That the defendants intended to confine the plaintiff, and the plaintiff was conscious of such confinement and did not consent to his confinement.

TWENTY-EIGHT: The acts of defendants were willful and with malicious disregard of plaintiff's rights and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION

TWENTY-NINTH: The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

THIRTIETH: That the said charges and subsequent proceedings were instituted and procured by the defendants, their agents, servants and employees unlawfully, maliciously and without any reasonable and probable cause whatsoever therefore

THIRTY-FIRST: That plaintiff was innocent but was forced to submit to such criminal proceedings until said proceedings were terminated in plaintiff's favor.

THIRTY-SECOND: That the aforesaid conduct constitute malicious prosecution under the laws of the State of New York.

## **FIFTH CAUSE OF ACTION**

THIRTY-THIRD: The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

THIRTY-FOURTH: That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission, to:

   a. Failed to perform their duties as a reasonable prudent police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;
   b. Hired and retained incompetent and unfit police officers whom they knew or should have known possessed aggressive properties and lack of proper temperament;
   c. Failed to exercise care instructing police officers as to their department, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody and determining whether the person being arrested is the same person sought by a Court issued bench warrant;
   d. Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens with respect to outstanding Court-issued bench warrants;

        e. Failed to establish meaningful procedures for disciplining officers who have engaged in such conduct.

THIRTY-FIFTH: That upon information and belief, all the acts by the individual defendants was carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK

THIRTY-SIXTH: That upon information and belief the defendant CITY OF NEW YORK by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue.

THIRTY-SEVENTH: That the conduct of the individual defendants was consistent with long-standing customs, practices, and usages of police officers employed by defendant CITY OF NEW YORK.

THIRTY-EIGHT: Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the CITY OF NEW YORK.

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants:

A. Compensatory damages

B. Punitive damages

C. Attorney's fees together with costs and interest

D. Such other and further relief as to the Court seems just and equitable

Dated: South Hempstead, New York
February 28, 2012

GARNETT H. SULLIVAN, ESQ.
**Attorney for Plaintiff**
1080 Grand Avenue
Suite 200
South Hempstead, NY 11550
(516) 285-1575